IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JAMES ROCHE, | : | Civil No. 3:24-cv-270 |
| Plaintiff | : | |
| v. | : | (Judge Mariani) |
| WARDEN MASON, *et al.*, | : | |
| Defendants | : | |

**MEMORANDUM**

I. **Background**

On February 14, 2024, Plaintiff James Roche ("Roche"), at all relevant times a state inmate incarcerated at the State Correctional Institution at Mahanoy ("SCI-Mahanoy"), initiated this action pursuant to 42 U.S.C. § 1983. (Doc. 1). The matter is proceeding via an amended complaint. (Doc. 4).

Named as Defendants are Superintendent Mason, Captain Taylor, Lieutenant Rebarchak, and John Doe correctional officers. Roche alleges that Defendants violated his rights for asking a non-party correctional officer whether he was related to someone Roche knew. (Doc. 4). Before the Court is a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) filed on behalf of Defendants Mason, Taylor, and Rebarchak. (Doc. 12). The motion is ripe for disposition and, for the reasons that follow, the Court will grant the motion and dismiss the amended complaint with leave to amend certain claims as

discussed below.[1]

Also before the Court is Roche's proposed one-page amendment wherein he includes the addition of Defendants Rennenger and Kabilko. (Doc. 22). In the interests of judicial economy, the viability of the allegations against these individuals will be considered in accordance with 28 U.S.C. § 1915.

## II. Legal Standards

### A. Rule 12(b)(6)

A complaint must be dismissed under FED. R. CIV. P. 12(b)(6), if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plaintiff must aver "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

"Though a complaint 'does not need detailed factual allegations,… formulaic recitation of the elements of a cause of action will not do.... *DelRio-Mocci v. Connolly Prop. Inc.*, 672 F.3d 241, 245 (3d Cir. 2012) (citing *Twombly*, 550 U.S. at 555). In other words, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Covington v. Int'l Ass'n of Approved Basketball Officials*, 710 F.3d 114, 118 (3d Cir. 2013)

---

[1] Roche's brief in opposition to Defendants' motion to dismiss contains facts that are not expressly set forth in the amended complaint. (*See* Doc. 23). The Court may not consider such allegations because a complaint cannot be amended by way of an opposition brief. *See Pennsylvania ex rel. Zimmerman v. PepsiCo, Inc.*, 836 F.2d 173, 181 (3d Cir. 1988) ("[I]t is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss.").

(internal citations and quotation marks omitted).  A court "take[s] as true all the factual allegations in the Complaint and the reasonable inferences that can be drawn from those facts, but ... disregard[s] legal conclusions and threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Ethypharm S.A. France v. Abbott Laboratories*, 707 F.3d 223, 231, n.14 (3d Cir. 2013) (internal citations and quotation marks omitted).

*Twombly* and *Iqbal* require [a district court] to take the following three steps to determine the sufficiency of a complaint:  First, the court must take note of the elements a plaintiff must plead to state a claim.  Second, the court should identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth.  Finally, where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief. *Connelly v. Steel Valley Sch. Dist.*, 706 F.3d 209, 212 (3d Cir. 2013).

"[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not show[n] -that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (internal citations and quotation marks omitted).  This "plausibility" determination will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

However, even "if a complaint is subject to Rule 12(b)(6) dismissal, a district court must permit a curative amendment unless such an amendment would be inequitable or

futile." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 245 (3d Cir. 2008). "[E]ven when plaintiff does not seek leave to amend his complaint after a defendant moves to dismiss it, unless the district court finds that amendment would be inequitable or futile, the court must inform the plaintiff that he or she has leave to amend the complaint within a set period of time. *Id.*

**B.     42 U.S.C. § 1983**

Section 1983 of Title 42 of the United States Code offers private citizens a cause of action for violations of federal law by state officials. *See* 42 U.S.C. § 1983. The statute provides, in pertinent part, as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. . . .

*Id.; see also Gonzaga Univ. v. Doe*, 536 U.S. 273, 284-85 (2002*); Kneipp v. Tedder*, 95 F.3d 1199, 1204 (3d Cir. 1996). To state a claim under § 1983, a plaintiff must allege "the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).

**C.     28 U.S.C. § 1915**

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b) if "the action is frivolous or

4

malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013). Under 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1), a court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. *Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989); *Wilson v. Rackmill*, 878 F.2d 772, 774 (3d Cir. 1989).

As with the Rule 12(b)(6) standard set forth above, the Court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *Phillips*, 515 F.3d at 229. Because Roche proceeds *pro se*, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citations omitted).

### III. Allegations of the Amended Complaint

In his amended complaint, Roche alleges that he asked a correctional officer if he was related to someone that Roche knew. (Doc. 4, p. 4). Following this conversation, Roche alleges that he was denied showers and missed meals. (*Id.*). He requested to speak with a sergeant or lieutenant and complained to staff about his placement in a lockdown facility of the C-Block in the Restricted Housing Unit ("RHU"). (*Id.* at pp. 4-5). In response, a C-Block worker allegedly gave writing materials to Roche so he may submit a written complaint to Defendant Mason. (*Id.* at p. 4). Roche submitted a form to Defendant

Mason wherein he complained about the purported abusive behaviors of the John Doe correctional officers and the denial of paperwork, including grievance forms. (*Id.*). Defendant Mason allegedly responded to the inquiry and advised that Defendant Taylor would investigate his complaints. (*Id.*). Roche maintains that he never spoke to Defendant Taylor or received a written response from Defendant Taylor. (*Id.* at p. 5).

Roche asserts that the John Doe correctional officers on the C-Block of the RHU continued their actions and treated him different than other inmates on the unit. (*Id.*). He alleges that, in March of 2023, the John Doe correctional officers on C-Block of the RHU used the public address system to harass Roche by insulting him and telling him to use his mat to block his cell door. (*Id.*). Roche also alleges that the John Doe correctional officers provoked him with loud sounds at night. (*Id.* at pp. 5-6). Eventually, Roche "did as they asked" and blocked his cell door with a mat. (*Id.* at pp. 6-7). In response to this action, Roche alleges that unidentified officers "came with gas[ ]masks and sprayed my cell." (*Id.* at p. 6). The unidentified officers then escorted Roche to the nurses' station and his eyes were washed out, but he was not allowed to shower. (*Id.*). Roche was then transferred to a cell on the A-Block on the RHU. (*Id.*). He alleges that unidentified officers stripped his clothes, while in handcuffs, and "put him on the ground." (*Id.*). A John Doe correctional officer put his knee on Roche's neck while other unidentified correctional officers videotaped the interaction with a camcorder. (*Id.*). Roche asserts that Defendant Rebarchak, the ranking officer, was present on the A-Block during this incident. (*Id.*). He further asserts

that he was denied basic necessities while on the A-Block. (*Id.*).

At one point in time, Roche was moved to the D-Block of the RHU and the John Doe correctional officers continued their verbal harassment and denial of basic needs. (*Id.* at p. 7). Roche again blocked his cell door with a mat and he "was sprayed again." (*Id.*). Unidentified officers escorted Roche to the nurses' station and his eyes were washed out, but he was not permitted to shower. (*Id.*). Roche remained on the D-Block of the RHU until April 4, 2023; at which time he was transferred to the State Correctional Institution at Rockview. (*Id.*).

As a result of these incidents, Roche alleges that he suffered mental distress, and he views correctional officers in a different light. (*Id.* at p. 8). He seeks monetary relief and demands that the Court bring criminal charges against the John Doe individuals. (*Id.*).

IV. <u>Discussion</u>

   A.   **Claim Pursuant to the Federal Tort Claims Act ("FTCA")**

It is well-settled that the United States "is the only proper defendant in a case brought under the FTCA." *CNA v. United States*, 535 F. 3d 132, 138 n.2 (3d Cir. 2008) ("The Government is the only proper defendant in a case brought under the FTCA."); *Feaster v. Federal Bureau of Prisons*, 366 F. App'x 322, 323 (3d Cir. 2010) ("The only proper defendant in an FTCA suit is the United States itself."); *Dambach v. United States*, 211 F. App'x 105, 108 (3d Cir. 2006) (noting that "the only party potentially answerable for any injury [under the FTCA] is the United States."). Roche thus cannot bring an FTCA claim

against the individual state employee Defendants. The Court will dismiss the FTCA claim with prejudice against these individual Defendants.

### B.     Defendants Mason and Taylor

Individual liability can be imposed under Section 1983 only if the state actor played an "affirmative part" in the alleged misconduct and "cannot be predicated solely on the operation of *respondeat superior*." *Evancho v. Fisher*, 423 F.3d 347, 353 (3d Cir. 2005) (quoting *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1998)). "A defendant in a civil rights action must have personal involvement in the alleged wrongs.... Personal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence." *Rode*, 845 F.2d at 1207-08; *see also Rizzo v. Goode*, 423 U.S. 362 (1976); *Atkinson v. Taylor*, 316 F.3d 257 (3d Cir. 2003). Such allegations, however, must be made with appropriate particularity in that a complaint must allege the particulars of "conduct, time, place, and persons responsible." *Evancho*, 423 F.3d at 354; *Rode*, 845 F.2d at 1207-08. Alleging a mere hypothesis that an individual defendant had personal knowledge or involvement in depriving the plaintiff of his rights is insufficient to establish personal involvement. *Rode*, 845 F.2d at 1208. As such, liability cannot be imposed on Defendants Mason and Taylor based solely on their positions and duties as Superintendent and Captain, respectively.

Nor can Defendants Mason and Taylor be held liable based on their roles in considering Roche's complaint or grievance. "[A]lthough prisoners have a constitutional

right to seek redress of grievances as part of their right of access to courts, this right is not compromised by [prison officials' failure] to address these grievances." *Booth v. King*, 346 F. Supp. 2d 751, 761 (E.D. Pa. 2004). "Access to prison grievance procedures is not a constitutionally-mandated right, and allegations of improprieties in the handling of grievances do not state a cognizable claim under [Section] 1983." *Glenn v. DelBalso*, 599 F. App'x 457, 459 (3d Cir. 2015); *see Booth*, 346 F. Supp. 2d at 761 (finding that "[p]risoners are not constitutionally entitled to a grievance procedure and the state creation of such a procedure does not create a liberty interest requiring procedural protections under the Fourteenth Amendment."); *Burnside v. Moser*, 138 F. App'x 414, 416 (3d Cir. 2005) (affirming that "[i]nmates do not have a constitutionally protected right to the prison grievance process.").

    Consequently, the actions of Mason and Taylor in responding to Roche's complaint and grievance, or in concurring in the process, are insufficient to establish personal involvement necessary to state a claim. *See Simonton v. Tennis*, 437 F. App'x 60, 62 (3d Cir. 2011) (stating "[A] prison official's secondary review of an inmate's grievance or appeal is not sufficient to demonstrate the personal involvement required to establish the deprivation of a constitutional right."); *Brooks v. Beard*, 167 F. App'x 923, 925 (3d Cir. 2006) (holding that a state prisoner's allegation that prison officials and administrators responded inappropriately, or failed to respond to later-filed grievances about his medical treatment, did not establish that the officials and administrators were involved in the underlying allegedly

9

unconstitutional conduct). The claims against Defendants Mason and Taylor will be dismissed with prejudice based on lack of personal involvement.

### C. Defendant Rebarchak

Roche also attempts to state a claim against Defendant Rebarchak. Roche alleges that Defendant Rebarchak, "the ranking officer", was present during the strip search and during the videotape of the incident. (Doc. 4, p. 6). The amended complaint does not allege that Defendant Rebarchak touched Roche, directed the officers to perform the strip search, directed any comments at him, did anything to him after the strip search, or was otherwise responsible for any alleged injury. (*Id.*). Roche simply states that Defendant Rebarchak was the only individual with a visible nametag. (*Id.*).

Without specific allegations that Defendant Rebarchak personally contributed to any alleged harm, presently, there is no basis for Roche to proceed against him. Because the amended complaint is devoid of factual allegations from which the Court can plausibly infer that Defendant Rebarchak was personally involved in an alleged constitutional violation, the motion to dismiss on this ground will be granted. *See Atkinson*, 316 F.3d at 271; *Rode*, 845 F.2d at 1207-08 (when a plaintiff merely hypothesizes that an individual defendant may have had knowledge of or personal involvement in the deprivation of his rights, individual liability will not follow). However, the dismissal will be without prejudice and with leave to amend to adequately state a claim.

### D. Defendants Rennenger and Kabilko

Roche seeks to impose liability on Defendants Rennenger and Kabilko based on their verbal harassment. (Doc. 22). He alleges that Defendant Rennenger "said to [him] [that] [he] looked like Nicki Manaj[,]" and that Defendant Kabilko "said to [him] [that] [he] was a faggot and a child rapist." (*Id.* at p. 1). There is no assertion that any of those purported statements were accompanied by any physical abuse or that there was any instance where officers Rennenger and Kabilko escalated the harassment beyond mere words. (*See id.*).

The use of words generally cannot constitute an assault actionable under § 1983. *See Dunbar v. Barone*, 487 F. App'x 721, 723 (3d Cir. 2012) ("[V]erbal threats or taunts, without more, are not sufficient to constitute a violation of the Eighth Amendment."). Roche cannot state a claim that his constitutional rights were violated based upon allegations of only verbal harassment. No matter how offensive the language that officers Rennenger and Kabilko allegedly used towards Roche, that alone does not give rise to a constitutional claim. *See Aleem-X v. Westcott*, 347 F. App'x 731 (3d Cir. 2009) ("Verbal abuse of a prisoner, even of the lewd variety [ ], is not actionable under § 1983.").

There is no indication that any of the verbal harassment allegedly voiced against Roche by officers Rennenger and Kabilko was accompanied by a reinforcing act. More importantly, it is not alleged that the alleged verbal abuse was accompanied by any physically intrusive behavior. Given the circumstances described by Roche, the purported verbal remarks, although potentially offensive, were not of such magnitude to shock the

11

conscience and thus, did not rise to the level of a constitutional violation. As such, the amendment against Defendants Rennenger and Kabilko will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), but the Court will grant Roche leave to amend to adequately state a cognizable Eighth Amendment claim for relief against these two individuals.

## V.  Federal Rule of Civil Procedure 4

The John Doe Defendants have not been identified and have not been served process. Pursuant to Federal Rule of Civil Procedure 4(m), a plaintiff has 90 days from the date he filed his complaint to serve the complaint on the defendants. FED. R. CIV. P. 4(m). Upon a showing of good cause for the failure to serve, the Court must extend the time for service; the Court can, at its discretion, extend the time for service even if plaintiff has not shown good cause for the delay. FED. R. CIV. P. 4(m). The factors a Court should consider in evaluating whether good cause exists are: (1) the reasonableness of the plaintiff's efforts to effect service; (2) prejudice to the defendant because of untimely service; (3) whether the plaintiff has moved for an enlargement of time; and (4) whether the statute of limitations will bar the plaintiff's claims if the action is dismissed. *See MCI Telecomms. Corp. v. Teleconcepts, Inc.*, 71 F.3d 1086, 1097-98 (3d Cir. 1995).

The John Doe Defendants were named in the amended complaint that was filed on March 13, 2024 and, to date, have not been identified or served in this case. Under the present circumstances, the Court will grant Roche leave to amend his complaint to both

identify the John Doe individuals in an attempt to have them served and to state a plausible claim for relief against them.

## VI. <u>Leave to Amend</u>

When a complaint fails to present a prima facie case of liability, district courts must generally grant leave to amend before dismissing the complaint. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002); *Shane v. Fauver*, 213 F.3d 113, 116-17 (3d Cir. 2000). Specifically, the Third Circuit Court of Appeals has admonished that when a complaint is subject to dismissal for failure to state a claim, courts should liberally grant leave to amend "unless such an amendment would be inequitable or futile." *Phillips*, 515 F.3d at 245 (citing *Alston v. Parker*, 363 F.3d 229, 235 (3d Cir. 2004)).

The defects in Roche's pleading are substantial. With respect to the FTCA claim and the claims against Defendants Mason and Taylor, the Court finds that the claims lack an arguable basis in law and fact and any attempt to amend would be futile. Therefore, the FTCA claim and the claims against Defendants Mason and Taylor will be dismissed with prejudice.

However, the Court finds that permitting amendment with respect to Defendants Rebarchak, Rennenger, and Kabilko, and the John Doe individuals is appropriate as it appears that Roche may potentially cure the deficiencies that form the bases for dismissal of these claims. The following pleading deficiencies are largely factual in nature and thus conceivably could be cured by an amended pleading. Roche alleges that unidentified

officers "came with gas[ ]masks and sprayed my cell." (Doc. 4, p. 6). He then asserts that he was escorted to the nurses' station and his eyes were washed out, but he was not allowed to shower. (*Id.*). Roche alleges that he was transferred to the A-Block where unidentified officers stripped his clothes, while in handcuffs, and "put him on the ground." (*Id.*). A John Doe correctional officer allegedly put his knee on Roche's neck while other unidentified correctional officers videotaped the interaction with a camcorder. (*Id.*). Roche asserts that Defendant Rebarchak was the ranking officer and was present during this incident. (*Id.*). The amended complaint contains no further allegations against Defendant Rebarchak. On another unspecified date, Roche alleges that he was "sprayed again", he was escorted to the nurses' station and his eyes were washed out, but he was again denied a shower. (*Id.* at p. 7). During the timeframe of both incidents, Roche alleges that he was denied basic necessities. (*Id.* at pp. 6-7).

First, it is far from clear that Roche has named the proper Defendants, or any Defendants at all. Roche does not indicate who took the actions against him, when they took place, where they took place, the context in which they occurred, why he was sprayed on at least two occasions, and why he was placed on the ground while another correctional officer put his knee on Roche's neck. In addition, the amended complaint fails to allege any conduct by any named Defendant that led to the violation of his constitutional rights. With respect to the claims against Defendants Rennenger and Kabilko, Roche does not allege

14

that their alleged verbal harassment was accompanied by any physical behavior, as required to state a plausible claim. (Doc. 22).

Given Roche's apparent reference to retaliation, excessive use of force, and cruel and unusual punishment, the Court will, out of an abundance of caution, provide him an opportunity to file a proposed amended complaint. *See Chestnut v. Finck*, 722 F. App'x 115, 118 (3d Cir. 2018) ("we are mindful to give a liberal construction to pro se pleadings, particularly in civil rights cases where plaintiffs should generally be afforded leave to amend") (citations omitted). Roche must identify the individual officials responsible for the misconduct and explain how each individual was involved in the alleged violations of his civil rights. His description should include references to relevant dates, times, and locations, and should explain to the Court how each Defendant's behavior, action, or inaction contributed to the alleged violation. Roche should also explain what he is seeking by way of relief.

## VII.  Conclusion

For the reasons outlined above, the motion (Doc. 12) to dismiss filed on behalf of Defendants Mason, Taylor, and Rebarchak will be granted. Specifically, the motion will be granted with prejudice and without leave to amend as to the FTCA claim and the claims against Defendants Mason and Taylor. The motion will be granted without prejudice and with leave to amend as to the claims against Defendant Rebarchak and the John Doe

individuals. Finally, the second amended complaint against Defendants Rennenger and Kabilko will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), but with leave to amend.

Consistent with the above discussion, Roche will be afforded the opportunity to file a proposed amended complaint that complies with the foregoing instructions on or before October 16, 2024.

A separate Order shall issue.

/s/ Robert D. Mariani
Robert D. Mariani
United States District Judge

Dated: October 2, 2024