IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JAMES ROCHE, | : | Civil No. 3:24-cv-270 |
| Plaintiff | : | |
| v. | : | (Judge Mariani) |
| WARDEN MASON, *et al.*, | : | |
| Defendants | : | |

## ORDER

**AND NOW**, this 2nd day of October, 2024, upon consideration of the motion (Doc. 12) to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) by Defendants Mason, Taylor, and Rebarchak, and in accordance with 28 U.S.C. § 1915(e)(2)(B)(ii), and for the reasons set forth in the Court's Memorandum of the same date, **IT IS HEREBY ORDERED THAT:**

1. The motion (Doc. 12) to dismiss is **GRANTED with prejudice** as to Plaintiff's FTCA claim and the claims against Defendants Mason and Taylor. The Clerk of Court is directed to **TERMINATE** Defendants Mason and Taylor as parties to this action.

2. The amendment (Doc. 22) against Defendants Rennenger and Kabilko is **DISMISSED without prejudice** and with leave to amend pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

3. The motion (Doc. 12) to dismiss is **GRANTED without prejudice** and with leave to amend as to Plaintiff's claims against Defendants Rebarchak, Rennenger, and Kabilko, and the John Doe individuals.

4. Plaintiff may file, on or before October 16, 2024, a proposed amended complaint.

5. The proposed amended complaint shall contain the same case number that is already assigned to this action, 3:24-cv-270.

6. The proposed amended complaint shall be direct, concise, and shall stand-alone without reference to any other document filed in this matter or any other civil matter. *See* FED. R. CIV. P. 8(d)(1).

7. Plaintiff shall identify the individual officials responsible for the misconduct and explain how each was involved in the alleged violations of his civil rights, including references to relevant dates, times, and locations.

8. Plaintiff is strictly cautioned that the inclusion of separate, unrelated claims will be considered a failure to comply with an Order of Court and will result in the striking of the proposed amended complaint. *See* FED. R. CIV. P. 20(a)(2).

9. Failure to file a proposed amended complaint within the timeframe set forth in paragraph 4 will convert the remaining dismissal of the amended complaint without prejudice to a dismissal with prejudice without the necessity of a further Order of Court.

10. Any appeal from this Order is deemed frivolous and not in good faith. *See* 28 U.S.C. § 1915(a)(3).

*(signature)*
Robert D. Mariani
United States District Judge