IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JAMES ROCHE, | : | Civil No. 3:24-cv-270 |
| Plaintiff | : | |
| v. | : | (Judge Mariani) |
| WARDEN MASON, et al., | : | |
| Defendants | : | |

**MEMORANDUM**

**I.    Background**

On February 14, 2024, Plaintiff James Roche ("Roche"), at all relevant times a state inmate incarcerated at the State Correctional Institution at Mahanoy ("SCI-Mahanoy"), initiated this action pursuant to 42 U.S.C. § 1983. (Doc. 1). Roche subsequently filed two amendments to the complaint, wherein he named as Defendants Superintendent Mason, Captain Taylor, Lieutenant Rebarchak, Correctional Officer Rennenger, Correctional Officer Kabilko, and John Doe Correctional Officers. (Docs. 4, 22).

On May 13, 2024, Defendants filed a Rule 12(b) motion to dismiss. (Doc. 12). On October 2, 2024, the Court granted Defendants' motion and dismissed the amended complaint with leave to amend certain claims. (Docs. 24, 25). Specifically, the Court granted the motion with prejudice and without leave to amend as to the FTCA claim and the claims against Defendants Mason and Taylor. (Id.). The Court granted the motion without prejudice and with leave to amend as to the claims against Defendant Rebarchak and the

John Doe individuals. (*Id.*). Additionally, the Court dismissed the amendment against Defendants Rennenger and Kabilko, but with leave to amend. (*Id.*).

Presently before the Court is Roche's proposed second amended complaint. (Doc. 26). After reviewing the proposed second amended complaint, the Court will dismiss it as Roche has failed to cure the deficiencies listed in the October 2, 2024, Memorandum. The proposed second amended complaint asserts essentially identical claims against the Defendants for the same underlying events that gave rise to the claims in the prior amendments. The Court will also dismiss the action against the John Doe Defendants pursuant to Federal Rule of Civil Procedure 4(m).

## II. Legal Standard

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013). Under 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1), a court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. *Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989); *Wilson v. Rackmill*, 878 F.2d 772, 774 (3d Cir. 1989).

In dismissing claims under §§ 1915(e)(2) and 1915A, district courts apply the standard governing motions to dismiss brought pursuant to Rule 12(b)(6) of the Federal

Rules of Civil Procedure. *See, e.g.*, *Smithson v. Koons*, Civ. No. 15-01757, 2017 WL 3016165, at *3 (M.D. Pa. June 26, 2017) (stating "[t]he legal standard for dismissing a complaint for failure to state a claim under § 1915A(b)(1), § 1915(e)(2)(B)(ii), or § 1997e(c)(1) is the same as that for dismissing a complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure."); *Mitchell v. Dodrill*, 696 F. Supp. 2d 454, 471 (M.D. Pa. 2010) (explaining that when dismissing a complaint pursuant to § 1915A, "a court employs the motion to dismiss standard set forth under Federal Rule of Civil Procedure 12(b)(6)"); *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999) (applying Federal Rule of Civil Procedure 12(b)(6) standard to dismissal for failure to state a claim under §1915(e)(2)(B)). In rendering a decision on a motion to dismiss, a court should not inquire "whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *Nami v. Fauver*, 82 F.3d 63, 66 (3d Cir. 1996). The court must accept as true the factual allegations in the complaint and draw all reasonable inferences from them in the light most favorable to the plaintiff. *See Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008).

Because Roche proceeds *pro se*, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citations omitted).

## III. Allegations of the Second Amended Complaint

In the proposed second amended complaint, Roche alleges the following:

C.O. Rennenger—His conduct was making an odd comment about me, saying that I "look like Nicki Manaj" at approximately the time 7:30p.m. during block out; the place being the day room of CA Block. Date was 12-22-22.

C.O. Kabilko—his conduct was that of defamation and libel, which caused me great emotional distress and fear for my safety in prison. C.O. Kabilko would call me "a faggot, a rapist, a pedophile," and say that I "fuck my mother" in front of other inmates, who would target me on the block. The time was during afternoon and evening yards from 1pm to 6pm. The place this would happen was the yard for inmates, the dates were November 2022 to January 2023, happening 3-4 times per week.

Lt. Rebarchak—his conduct included saying "this is the least amount of force necessary" when I was put on the ground, naked and cuffed, with a John Doe C.O.'s knee on my neck while being videotaped, and with the camera in the cell as well as camcorder. The time was 3-4pm, the place RHU-A Block. The date was March 2023; I do not have the exact day due to not having access to a calendar while being in maximum confinement 24/1 in the RHU.

"John Doe" Officers—I have no way to identify the officers due to them withholding their names over the cell microphone, and not wearing nametags when I was sprayed, and had a knee in my neck. These actions took place from February 2023 to March 2023.

(Doc. 26).

## IV. Discussion

### A. Defendant Rebarchak

Roche attempts to state a claim against Defendant Rebarchak. However, the proposed second amended complaint does not provide any more detail than the prior amendment. Roche alleges that Defendant Rebarchak was present during the strip search

4

and during the videotape of the incident and said, "this is the least amount of force necessary." (Doc. 26, p. 2).  The proposed second amended complaint does not allege that Defendant Rebarchak touched Roche, directed the officers to perform the strip search, directed any comments at him, did anything to him after the strip search, or was otherwise responsible for any alleged injury. (*Id.*).

Liability against Defendant Rebarchak is still only based on his presence as the ranking officer, and Roche failed to cure the deficient claims against him.  Without specific allegations that Defendant Rebarchak personally contributed to any alleged harm, there is no basis for Roche to proceed against him.  Because the proposed second amended complaint is devoid of factual allegations from which the Court can plausibly infer that Defendant Rebarchak was personally involved in an alleged constitutional violation, the claims against him will be dismissed. *See Atkinson v. Taylor*, 316 F.3d 257, 271 (3d Cir. 2003); *Rode v. Dellarciprete*, 845 F.2d 1195, 1207-08 (3d Cir. 1988) (when a plaintiff merely hypothesizes that an individual defendant may have had knowledge of or personal involvement in the deprivation of his rights, individual liability will not follow).

**B.    Defendants Rennenger and Kabilko**

Roche again seeks to impose liability on Defendants Rennenger and Kabilko based on their verbal harassment. (Doc. 26).  He alleges that Defendant Rennenger said "that [he] 'look[ed] like Nicki Manaj[,]'" and that Defendant Kabilko called him "a faggot, a rapist, [and] a pedophile." (*Id.* at pp. 1-2).  There is no assertion that any of those purported statements

were accompanied by any physical abuse or that there was any instance where officers Rennenger and Kabilko escalated the harassment beyond mere words. (*See id.*).

As the Court previously explained, the use of words generally cannot constitute an assault actionable under § 1983. *See Dunbar v. Barone*, 487 F. App'x 721, 723 (3d Cir. 2012) ("[V]erbal threats or taunts, without more, are not sufficient to constitute a violation of the Eighth Amendment."). Roche cannot state a claim that his constitutional rights were violated based upon allegations of only verbal harassment. No matter how offensive the language that officers Rennenger and Kabilko allegedly used towards Roche, that alone does not give rise to a constitutional claim. *See Aleem-X v. Westcott*, 347 F. App'x 731 (3d Cir. 2009) ("Verbal abuse of a prisoner, even of the lewd variety [ ], is not actionable under § 1983."). The proposed second amended complaint adds no facts or allegations to address these concerns.

In the proposed second amendment complaint, Roches does not allege that any of the verbal harassment allegedly voiced against him by officers Rennenger and Kabilko was accompanied by a reinforcing act. More importantly, it is not alleged that the alleged verbal abuse was accompanied by any physically intrusive behavior. Roche only alleges that he suffered emotional distress and fear. Given the circumstances described by Roche, the purported verbal remarks, although potentially offensive, were not of such magnitude to shock the conscience and thus, did not rise to the level of a constitutional violation. As such, Roche has failed to cure any claims against these Defendants for the reasons

previously stated, and the claims against Defendants Rennenger and Kabilko will be dismissed.

### C.     Federal Rule of Civil Procedure 4(m)

Rule 4(m) sets forth the following time frame a plaintiff has to serve a defendant with the summons and copy of the complaint:

> If a defendant is not served within 90 days after the complaint is filed, the court -- on motion or on its own after notice to the plaintiff -- must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

FED. R. CIV. P. 4(m).

The John Doe individuals were named in the original complaint that was filed on or about February 14, 2024 and, to date, have not been properly been identified or served in this case. The Court must engage in a two-step process in determining whether to dismiss the unidentified, non-served Defendants or grant Roche additional time to effect service. "First, the district court should determine whether good cause exists for an extension of time. If good cause is present, the district court must extend time for service and the inquiry is ended. If, however, good cause does not exist, the court may in its discretion decide whether to dismiss the case without prejudice or extend time for service." *Petrucelli v. Bohringer & Ratzinger*, 46 F.3d 1298, 1305 (3d Cir. 1995). Good cause requires good faith on the part of the party seeking an enlargement and some reasonable basis for noncompliance with the time specified in the rules. *MCI Telecomm. Corp. v. Teleconcepts,*

*Inc.*, 71 F.3d 1086, 1097 (3d Cir. 1995). In determining whether good cause exists, a court's "primary focus is on the plaintiff's reasons for not complying with the time limit in the first place." *Id.* Although prejudice is a factor to be considered, the absence of prejudice to the opposing party alone does not constitute good cause to excuse late service. *Id.*

In the present matter, Roche failed to establish good cause. After the expiration of the ninety-day time period set forth in Rule 4(m), the Court notified Roche that the action against the John Doe Defendants was subject to dismissal and directed him to show cause why the action against these Defendants should not be dismissed pursuant to Rule 4(m). (Doc. 16; *see also* Doc. 8 ¶ 8). On October 2, 2024, the Court again granted Roche the opportunity to identify the John Doe Defendants. (Docs. 24, 25). In response, Roche asserts that he "[has] no way to identify the officers." (Doc. 26, p. 3). Roche's reason is a deflection, not a good faith explanation. His *pro se* status is not good cause to excuse his failure to timely identify or serve these Defendants. *Veal v. United States*, 84 F. App'x 253, 256 (3d Cir. 2004). Based upon the lack of any reasonable explanation for his failure to adhere to the requirements of Rule 4, the Court finds that Roche failed to establish good cause.

If a plaintiff cannot show good cause for his failure to serve the defendant within ninety days, a district court may either dismiss the defendant, or exercise its discretion to order that service be made within a specific time. *Petrucelli*, 46 F.3d at 1305; *see also* FED. R. CIV. P. 4(m). It is Roche's responsibility to properly identify all defendants, and provide

accurate mailing addresses for the defendants, in a timely fashion. (*See* Doc. 8 ¶¶ 7-8) (advising Roche that failure to properly name a defendant, or provide an accurate mailing address for a defendant, may result in dismissal of the claims against that defendant pursuant to Federal Rule of Civil Procedure 4(m)).

In light of Roche's lack of good faith effort to identify or serve the John Doe Defendants, despite this Court's warning of the possible consequences, including dismissal, the Court concludes that dismissal is appropriate under the present circumstances. Accordingly, the non-identified, non-served Defendants will be dismissed from this action.

## V. Leave to Amend

When a complaint fails to present a prima facie case of liability, district courts must generally grant leave to amend before dismissing the complaint. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002); *Shane v. Fauver*, 213 F.3d 113, 116-17 (3d Cir. 2000). In evaluating a request for leave to amend, the Court may consider whether there is "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also Oran v. Stafford*, 226 F.3d 275, 291 (3d Cir. 2000). Futility of amendment occurs when the amended complaint does not state a claim upon which relief can be granted. *See In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997).

Given the Court's above determination that Roche failed to state a plausible claim for relief against the remaining Defendants, the proposed second amended complaint could not survive a renewed motion to dismiss, and the proposed amendment is futile. *See Jablonski v. Pan Am. World Airways, Inc.*, 863 F.2d 289, 292 (3d Cir. 1988) (an amendment to a complaint is futile if it does "not cure the deficiency in the original complaint or if the amended complaint cannot withstand a renewed motion to dismiss"). Moreover, the Court has afforded Roche several opportunities to amend his complaint and he has failed to cure the specific deficiencies outlined by the Court. *See Jones v. Unknown D.O.C. Bus Driver & Transp. Crew*, 944 F.3d 478, 483 (3d Cir. 2019) (where an inmate plaintiff "has already had two chances to tell his story…giving him further leave to amend would be futile.").

## VI.   Conclusion

For the foregoing reasons, the proposed second amended complaint (Doc. 26) will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). The Court will also dismiss the action against the John Doe Defendants for insufficient service of process pursuant to Federal Rule of Civil Procedure 4(m).

A separate Order shall issue.

_____
Robert D. Mariani
United States District Judge

Dated: October 24, 2024